UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 09-CR-202-P-H |
| | ) | |
| WILLIAM DOUGLAS | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

NOW COMES the United States of America, by and through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine and Michael J. Conley, Assistant United States Attorney and respectfully submits this sentencing memorandum.

**I.      BACKGROUND**

William Douglas (hereinafter "defendant") was charged by criminal information with one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A).  On January 11, 2010, the defendant entered a plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  Since the offense to which the defendant pled guilty involved more than fifty grams of cocaine base, the offense carried a statutory mandatory minimum sentence of not less than ten years.  See Title 21 U.S.C. § 841(b)(1)(A).  A sentencing hearing is scheduled to be held before Judge D. Brock Hornby on October 20, 2010.

The Presentence Investigation Report deemed the defendant to be accountable for 113.1 grams of cocaine base, resulting in a Base Offense Level 30.  A reduction for Acceptance of Responsibility lowered the applicable offense level to 27.  Thus, based on a Total Offense Level of 27 and a criminal history category of IV, the guideline range for imprisonment would have been 100 to 125 months.  However, the range is modified to 120-125 months based upon the ten year statutory mandatory minimum sentence.  U.S.S.G. § 5G1.1(c)(2).

The parties agree that on August 3, 2010, President Obama signed the Fair Sentencing Act of 2010 ("the Act"), which raised to 280 grams the amount of crack cocaine necessary for a ten-year statutory mandatory minimum sentence to apply.  The parties disagree, however, on whether the Act has any impact on the ten-year statutory mandatory minimum sentence that the defendant now faces.  The Government respectfully submits it does not.

II.   DISCUSSION

The Act amends the Controlled Substances Act and the Controlled Substances Import and Export Act by establishing new quantity thresholds that trigger statutory mandatory minimum and maximum penalties for cocaine base ("crack cocaine") offenses. Under the new law, quantities of crack cocaine triggering mandatory minimum penalties are increased such that trafficking in 28 grams (approximately one ounce) of crack cocaine will trigger the five-year mandatory minimum penalty, and trafficking in 280 grams of crack cocaine will trigger the ten-year mandatory minimum penalty. Powder cocaine quantities triggering five- and ten-year mandatory minimum penalties remain at their current levels under the new law.

Worth noting at the outset, the Act is a piece of Congressional legislation, not a judicial decision. Thus, the rules governing the retroactive effect of legislation apply, not the rules governing the retroactive effect of court decisions.  This case involves over 100 grams of crack cocaine, which mandated a ten-year statutory mandatory minimum sentence at the time of Douglas' offense conduct (from the winter of 2009 to the summer of 2009). The new 280-gram threshold for a ten-year mandatory minimum sentence created in the Act, signed by President Obama on August 3, 2010, is not retroactive and does not apply to offenses committed prior to August 3, 2010.

Specifically, the Act does not state that it is retroactive.  Had Congress intended the Act to apply retroactively, a retroactivity provision would have been imbedded within the statute particularly in light of Title 1, United States Code, § 109.  Under these circumstances, the general "savings" statute, § 109, governs. That statute provides, in pertinent part:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.

Under the plain language of § 109, because the Act does not expressly state that it applies retroactively, the version of Title 21, United States Code, §§ 841(a)(1) & (b)(1)(A) in effect at the time of Douglas' offense conduct applies. Although the defendant denies that the changes in the Act "fundamentally change the penalty structure of the existing statute" and attempts to characterize the changes that accompany the Act as merely "remedial or procedural", Defendant's Memorandum at 2, there can be no legitimate dispute that the Act repeals a "penalty" within the meaning of § 109.  The ten-year mandatory minimum sentence for distributing more than 50 grams of crack cocaine has been eliminated.  Section 109 "saves" this penalty from elimination for conduct occurring before August 3, 2010.

The Supreme Court's decision in Warden v. Marrero, 417 U.S. 653 (1974), also compels this conclusion. In Marrero, a previously sentenced defendant who was ineligible for parole attempted to take advantage of a statutory change which would have made him parole-eligible. The Supreme Court denied relief, stating that § 109 barred the Board of Parole from considering Marrero for parole. Id. at 659.

3

The Supreme Court also held that § 109 applies to criminal statutes, id. at 661, the category into which Title 21, United States Code §§ 841(a)(1) & (b)(1)(A) fall. The Supreme Court then stated:

> In consequence, the saving clause has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of the offense.

Id.  Douglas faces precisely the same situation here. Between the winter of 2009 and the summer of 2009, the time frame in which his drug offense conduct occurred, Douglas was subject to a penalty "harsher" than the "ameliorative" sentencing provisions of the Act.  Under the Marrero decision, this Court is barred from applying the new version of the statute to Douglas because of § 109.  The Sixth Circuit has recently adopted this reasoning in a ruling that addressed a challenge to the former federal narcotics sentencing provisions akin to the challenge presented in the instant case. See United States v. Carradine, No. 08-3220, 2010 WL 3619799 (6th Cir., Sept. 20, 2010) (holding that the Fair Sentencing Act of 2010 is not retroactive because the Act does not expressly provide for its own retroactive application; thus, the general savings statute, 1 U.S.C. § 109, requires the court to apply the penalties in place at the time the crime was committed).

Douglas also argues that the Fifth Amendment demands application of the Act to Douglas' case.  In so doing, defendant relies upon Griffith v. Kentucky, 479 U.S. 314 (1987). Griffith, however, involved the retroactive effect of the Supreme Court's constitutional decision in Batson v. Kentucky, 476 U.S. 79 (1986).  In other words, Griffith involved the retroactivity of a court decision, not a statute, to which Title 1, United States Code § 109 applies. As noted in Marrero, 417 U.S. at 661, § 109 applies to criminal statutes and bars retroactive application of

4

more lenient sentencing laws than those in force at the time of the crime. Congress specifically intended to abolish the common law presumption that repealing a criminal statute abates prosecutions that have not reached final disposition in the highest available appellate court. Id. at 660. Thus, Griffith is readily distinguishable.

Equally distinguishable is Hamm v. City of Rock Hill, 379 U.S. 306 (1965), because it involved the Civil Rights Act of 1964, which made conduct that had been criminal under state law perfectly legal. In short, the defendants in Hamm, by virtue of the Civil Rights Act and the Supremacy Clause, were actually innocent of criminal wrongdoing. As one would expect, the Supreme Court dismissed the state convictions. Congress, however, has not made it legal to conspire to violate the federal drug laws. Unlike the defendants in Hamm, Douglas is not actually innocent of having committed a crime.

In the end, the 100:1 crack/cocaine ratio was explicit Congressional policy for over two decades. By passage of the Act, Congress has simply decided to change national drug policy. If Congress had intended the Act to be retroactive, Congress would have made it so. Congress did not.

Accordingly, the previous statutory mandatory minimum threshold quantities *(i.e.,* five grams for the five-year mandatory minimum and 50 grams for the ten-year mandatory minimum) should continue to apply for all offense conduct that occurred prior to the date of enactment of the Act.

Dated at Portland, Maine this 24th day of September 2010.

                                          Thomas E. Delahanty II
                                          United States Attorney


                                          /s/ Michael J. Conley
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          100 Middle Street, PO Box 9718
                                          Portland, Maine 04101
                                          (207) 780-3257
                                          michael.conley@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2010, I electronically filed Government's Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David R Beneman , Esq.
Federal Defender
One City Center 2nd Fl
PO Box 595
Portland, ME  04112-0595
david_beneman@fd.org

Thomas E. Delahanty II
United States Attorney

/s/Michael J. Conley
Assistant United States Attorney
United States Attorney's Office
100 Middle Street, PO Box 9718
Portland, Maine 04101
(207) 780-3257
michael.conley@usdoj.gov