# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **VS.** | ) | **DOCKET NO. 09-202-P-H** |
| | ) | |
| **WILLIAM DOUGLAS** | ) | |

### DEFENSE REPLY TO GOVERNMENT SENTENCING MEMORANDUM

William Douglas filed a sentencing memorandum on September 7, 2010 (docket entry 49)(hereafter "DM") arguing the Fair Sentencing Act of 2010 applies to his case, reducing the minimum mandatory sentence from ten to five years.  The government has now responded, disagreeing. (Government's Sentencing Memorandum, September 24, 2010, docket entry 52))(hereafter "GM").

The government argues the Act is legislation, not a court decision, so different rules apply to retroactivity. (GM, p.1).  No authority is cited for this proposition.  Rather, the Government relies on 1 U.S.C. §109, the so-called "general savings statute."  (GM, p.2).  The Defense addresses §109, and details  multiple reasons why §109 does not apply.  (DM, p.2) . The Government provides little rejoinder, relying primarily on the language of §109 augmented by *Warden v. Marrero*, 417 U.S. 653 (1974).  *Marrero*, a post-conviction §2255 action, is readily distinguishable factually and procedurally.  Mr. Marrero was serving a ten year non-parolable minimum mandatory sentence for a drug conviction, when Congress repealed the law under which he was convicted ( 26 U. S. C. § 7237 (d)).  Congress undertook a different approach to drug cases, the Comprehensive Drug Abuse Prevention and Control Act of 1970, (*Pub.L. 91-513*) which allowed parole for most narcotics

1

offenders. 417 U.S. at 655.  Mr. Marrero asked the court to order him eligible for parole.  The court declined, pointing out the 1970 Act contained a specific provision, section 1103 (a) which stated:

> Prosecutions for any violation of law occurring prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof.  417 U.S. at 655.

*Marrero* is factually and legally distinguishable.  Factually, he had already been sentenced and he was seeking a change in the terms (parole) of a sentence already imposed.  Legally, the 1970 Act contained a specific section saying it was not retroactive.  Our current case involves an individual who has not yet been sentenced and a law which is silent on retroactivity.  Further, the 1970 Act was a total repeal and replacement of the drug statutes.  The current law is a modest amendment to an aspect of the sentencing provisions of one law and one drug, "crack."  The new law does not change any element of any crime, it just changes the minimum mandatory sentencing threshold. *Marrero* affirms the internal savings clause in the 1970 Act, making the application of §109 "*dicta*." (Or perhaps a "belt and suspenders" approach).  The court in *Marrero*  was not faced with a silent statute as we are in the current situation.

The major thrust of the Defense argument is an explanation of why the Fair Sentencing Act of 2010 fits within one of the recognized exceptions to §109. (D.M. pp 4-11.).  The Government provides no response to the multiple exceptions laid out in the Defense Memo.  The Government attempts to distinguish *Griffith* and the Fifth Amendment argument by claiming retroactivity may apply to Supreme Court rulings but not statutory change.  (G.M. pp.4-5).  No citation is provided for this proposition.

The Government suggests civil rights legislation is different than criminal legislation hence *Hamm* is not applicable. (G.M. p.5).  The Government says, "In short, the defendants in *Hamm*, by

2

virtue of the Civil Rights Act and the Supremacy Clause, were actually innocent of criminal wrongdoing." (G.M. p.5).  On June 7, 1960, when Arthur Hamm, Jr. pushed the wheelchair containing the crippled Rev. C.A. Ivory into the McCrory's Five and Ten Cent Store in Rock Hill, S.C., then went to the lunch counter seeking food service, were refused and told to leave[1] and failed to follow what was at the time a "lawful order" that was a trespass.  The Supreme Court in *Hamm*, thankfully agreed that a conviction should not stand when obtained under a law that we later recognize is wrong.  Despite segregation having been legal for about 100 years and slavery legal before that.  The government's current argument that *Hamm* enforced the Civil Rights Act and remedied a civil rights violation is correct.  Yet, the Civil Rights Act was passed in 1964 and the "trespass" at the lunch counter occurred in 1960, four years earlier.[2]  Under the government's §109 analysis, the courts should be powerless to apply the "new law" of 1964 to conduct that occurred in 1960.  After all, the government is arguing that courts may not apply legislation retroactively. (G.M. p. 2).  The Fair Sentencing Act of 2010 is also civil right legislation.  Congress was and is very concerned about how the crack law subjects high percentages of black defendants to lengthy minimum mandatory sentences.  See D.M. pp. 10-12 and footnotes 8-9.

---

[1] The record shows that the appellant and the Rev. C. A. Ivory are Negroes. It was the policy of McCrory's store not to serve Negroes at its lunch counter. *Rock Hill v. Hamm*, 241 S.C. 420, 426 (S.C. 1962).

[2] Despite the ruling in *Hamm*, courts have consistently upheld convictions for civil disobedience trespass, exactly the conduct forgiven in *Hamm*.  See for example, the cases related to the Vieques Island naval base such as *U.S. v. Ayala*, 289 F.3d 16 (1st Cir. 2002).  "Self help" is not a defense to criminal action, see for example *Bryson v. United States*, 396 U.S. 64, 68 (U.S. 1969)(One who elects such a course as a means of self-help may not escape the consequences by urging that his conduct be excused because the statute which he sought to evade is unconstitutional.)

Finally the government relies on *United States v. Carradine*, No. 08-3220, 2010 WL 3619799 (6th Cir., Sept.20, 2010) holding that the Fair Sentencing Act of 2010 is not retroactive because the Act does not expressly provide for its own retroactive application (G.M. p. 4).  Mr. Carradine is already sentenced (like Mr. Marrero) and added his argument "well after th[e] case had been fully briefed and submitted for decision." Id. *4.  His brief was limited to 10 pages.[3] Giving three short paragraphs to the issue, the Sixth Circuit relies entirely on §109 and *Marrero* without discussing, and apparently without examining, any of the multiple exceptions to §109.   The *Carradine* court did not have the benefit of the issues which are raised in the current Defense Memo.

In conclusion, William Douglas should be sentenced under the provisions of 18 U.S.C. §841(b)(1)(B) *currently* in place, as augmented by 18 U.S.C. §3553, meaning he faces a minimum mandatory sentence of five years.

DATE: September 28, 2010                             /s/ David Beneman
                                                    David Beneman

Federal Defender
P.O. Box 595
Portland, Me 04112-0595
207-553-7070 ext. 101
David.Beneman@fd.org

### CERTIFICATE OF SERVICE

I, **David Beneman**, Federal Defender,  hereby certify that I have served, electronically, via the ECF system, a copy of the within , **DEFENSE REPLY TO GOVERNMENT SENTENCING MEMORANDUM**, upon **Michael Conley**, Assistant United States Attorney.

                                                    /s/David Beneman
DATE: September 28, 2010                            David Beneman

_____

[3]  The Court refused to accept his attempt to incorporate by reference a more detailed brief filed in an unrelated case.  *Carradine*, note 1.

4